## CALLOWAY v. SERVICE CAB CO. et al.
### No. 4971.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1935.

Chas. L. Mayer, of Shreveport, and A. Miles Coe and Hugh M. Wilkinson, both of New Orleans, for appellants.

John B. Files, of Shreveport, for appellee.

MILLS, Judge.

Plaintiff, a negro man 45 years of age, is claiming damages in the sum of $10,000 and $250 medical expenses, because of injuries received by being struck by a cab of the Service Cab Company, shortly after midnight on the morning of November 20, 1933, on Texas avenue at its intersection with Wilson street in the city of Shreveport.

Plaintiff and his one eyewitness testify that he had walked slowly out of Wilson street into the center of Texas avenue, where he stopped between the street car tracks for defendant's cab, coming out Texas avenue at a speed of from 30 to 35 miles per hour, to pass him; that the cab did not slow up or change its course, but drove directly into him, knocking him to the curb, breaking the bones of his right leg below the knee, tearing the ligaments of the kneejoint, and breaking the pelvis bone.

The driver of the taxi tells the story that he was going 30 miles per hour; that he saw plaintiff stop and considered that action as an invitation to proceed, which he did without slowing down, but that just as he reached plaintiff the latter ran suddenly in front of the car, making the resulting collision unavoidable. Unfortunately for defendants' case, this testimony is not only contrary to that of plaintiff and his witness, but is thus contradicted by Ernest Merritt, tendered by defendants, who was riding with the driver on the front seat of the taxi. He says: "At the time that the accident occurred I was partially, half asleep, and when I looked out the man was wrapped up between the lights and fender, and the driver did not know what he had hit and said what did I hit and I says a man, and he stopped and we ran to the man and picked him up and the first car that came along he was put in it and took him away."

Texas avenue is a main, well-lighted thoroughfare.

The finding of liability by the trial judge is not only not manifestly erroneous, but, we think, is supported by the clear preponderance of the testimony.

In the first judgment rendered plaintiff was awarded $3,194.50. A new trial was granted, at which it was shown that since the date of the first trial plaintiff had gone back to his former employment, doing the same work—that of porter—that he had done before, though receiving a smaller wage. It was also shown by medical testimony that the only permanent injury, that to the ligaments of the knee, was not so serious as indicated on the first trial. The district judge accordingly, and, we think, with ample justification, reduced the amount to $2,194.50, with interest and costs.

Defendants appealed, and plaintiff answered, praying that the judgment be increased to $5,000.

As we find no error in the judgment appealed from, it is affirmed.